UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD J. O'CONNELL, LYNN O'CONNELL, REGINALD MOORE and ALATHEA MOORE,<br><br>    Plaintiffs,<br><br>    v.<br><br>WRIGHT MEDICAL GROUP, INC., WRIGHT MEDICAL TECHNOLOGY, INC., JOHN DOE and XYZ CORPORATION,<br><br>    Defendants. | CIVIL ACTION NO.: |

## NOTICE OF REMOVAL

Wright Medical Technology, Inc. and Wright Medical Group, Inc. ("jointly "Wright Medical") give notice of removing this case from the Trial Court of Massachusetts, Superior Court Department, Suffolk County where it is currently pending (*Donald J. O'Connell, Lynn O'Connell, Reginald Moore, and Alathea Moore v. Wright Medical Group, Inc., a corporation, Wright Medical Technology, Inc., a corporation, John Doe, and XYZ Corporation,* Civil Action No: SUCV2011-00874) to the United States District Court for the District of Massachusetts. Removal is proper because there is complete diversity of citizenship between the proper parties and the claim of damages by the plaintiffs is in excess of $75,000, the statutory minimum for diversity jurisdiction.

In support of removal, Wright Medical states:

1. Wright Medical first received notice of the case by letter dated March 11, 2011, and first received a copy of the Complaint by service of process on March 18, 2011, less than 30

days from the date of filing this Notice of Removal.  Thus, this Notice of Removal is timely.  28 U.S.C. § 1446.

2. Plaintiffs Donald J. O'Connell and Lynn O'Connell are citizens of the Commonwealth of Massachusetts.  (Compl. ¶¶ 1-2, attached at Exhibit A.)  Plaintiffs' Complaint alleges that Mr. O'Connell was injured in the Commonwealth of Massachusetts as a result of a hip implant performed in the Commonwealth of Massachusetts.  (Compl. ¶¶ 10-11.)  Plaintiffs allege that an implant manufactured by one of the Wright Medical defendants broke and caused injuries to Mr. O'Connell.  His wife has asserted a loss of Consortium Claim arising out of the same transaction or occurrence.  (Compl.  ¶¶ 127-128.)

3. Wright Medical Technology, Inc. and Wright Medical Group, Inc. are citizens of the State of Delaware and the State of Tennessee.  (Compl. ¶ 5.)  Thus, complete diversity exists between the O'Connell plaintiffs and the Wright Medical defendants.

4. Plaintiffs Reginald Moore, and Alathea Moore are, as alleged in Plaintiffs' Complaint, citizens of the State of Tennessee.  (Compl. ¶¶ 3-4.)

5. Plaintiffs' Complaint alleges that Mr. Moore was injured in State of Tennessee as a result of a hip implant performed in the State of Tennessee.  (Compl. ¶¶ 15-16.)  Plaintiffs allege that an implant manufactured by one of the Wright Medical defendants broke and caused injuries to Mr. Moore.  His wife has asserted a loss of Consortium Claim arising out of the same transaction or occurrence.  (Compl.  ¶¶ 127-128.)

6. Nothing in the Complaint indicates that either Mr. or Mrs. Moore presently have or have had any connection with the Commonwealth of Massachusetts, and it is plain on the face of the Complaint that the alleged transaction or occurrence that gives rise to the Moore's

allegations occurred solely in the State of Tennessee and any allegedly caused injuries occurred in the State of Tennessee, if at all.

7. The allegations in the Complaint make it clear that the Moores are not proper parties to the O'Connell suit, and that the two claims brought by the Moores and the O'Connells arise out of different occurrences. Further, the Moores could not bring this action in a Massachusetts court on their own for injuries that they allegedly suffered in Tennessee from an occurrence that they allege happened in Tennessee.

8. Consequently, it appears that the only reason for including the Moores as plaintiffs in the caption of this case is to attempt to deprive the Wright Medical defendants of their statutory right to remove the action to federal court.

9. Though the inclusion of plaintiffs Reginald Moore and Alathea Moore as parties would normally defeat diversity of citizenship for purposes of removal, it appears that these plaintiffs were fraudulently joined in order to prevent removal to the federal court. Once the case is properly removed, the Wright Medical defendants intend to move to sever the allegations in these two different cases, leaving the claims of the O'Connells standing on their own.

10. "A party fraudulently joined to defeat removal…is disregarded in determining diversity of citizenship." *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983). "[I]t is well settled that the district court will not allow removal jurisdiction to be defeated by the plaintiff's destruction of complete diversity of citizenship by the collusive or improper joinder of parties or the assignment of claims." *Montanez v. Solstar Corp.*, 46 F. Supp. 2d 101, 103 (D.P.R. 1999) (quoting 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3723, p. 625 (3d

ed.1998)). "Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court." *Louisiana ex rel. Caldwell v. Allstate Ins. Co.,* 536 F.3d 418, 424 (5th Cir. 2008) (quoting *Wecker v. Nat'l Enamel & Stamping Co.,* 204 U.S. 176, 186 (1907)).

11. John Doe is a fictitiously named and unknown defendant that plaintiffs allege, without factual support, resides in the Commonwealth of Massachusetts. (Compl. ¶ 6.)

12. XYZ Corporation is a fictitiously named and unknown corporate defendant that plaintiffs allege, without factual support, is a citizen of the Commonwealth of Massachusetts. (Compl. ¶ 7.)

13. "For purposes of removal ...,the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

14. Disregarding the citizenship of the unknown and fictitiously named defendants, and disregarding the citizenship of the fraudulently joined plaintiffs, there is complete diversity in this case because plaintiffs Donald J. O'Connell and Lynn O'Connell are citizens of the Commonwealth of Massachusetts and Defendants Wright Medical Technology, Inc. and Wright Medical Group, Inc. are citizens of the State of Delaware and the State of Tennessee.

15. There is, therefore, complete diversity between the parties properly joined in this action. *See* 28 U.S.C. § 1332 (c)(1).

16. The plaintiffs Donald J. O'Connell and Lynn O'Connell claim $144,700.00 in special damages for documented medical expenses, documented lost wages and compensation, and reasonably anticipated future medical expenses. (Civil Action Cover Sheet, attached

at Exhibit A.)  Accordingly, the amount in controversy, as alleged, exceeds $75,000.00, exclusive of interest and costs.

17. Consequently, the plaintiff's claims are ones over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.  The action is therefore removable under 28 U.S.C. § 1441(a).

18. Pursuant to 28 U.S.C. §1446(a), the complaint, summons, and civil action cover sheet, which constitute all process, pleadings, and orders served upon the Defendants, are attached to this Notice of Removal as Exhibit A.

19. Pursuant to 28 U.S.C. §1446(d), the Defendants will promptly give notice of this filing to the plaintiffs and will file a copy of this Notice of Removal with the clerk of the Suffolk County Superior Court Department.

WHEREFORE, Defendants Wright Medical Technology, Inc. and Wright Medical Group, Inc. hereby remove to this Court the civil action against it now pending in the Superior Court of Massachusetts, Suffolk County.

        Respectfully Submitted,

        WRIGHT MEDICAL GROUP, INC., and
        WRIGHT MEDICAL TECHNOLOGY, INC.,
        By their attorneys,

        /s/ *Christopher A. Duggan*
        Christopher A. Duggan (BBO No. 544150)
        Matthew J. Walko (BBO No. 562172)
        Brian M. Donlan (BBO No. 673063)
        SMITH & DUGGAN LLP
        Two Center Plaza, Suite 620
        Boston, MA 02108
        (617) 228-4400
        Chris.Duggan@SmithDuggan.com
        MJWalko@SmithDuggan.com
        Brian.Donlan@SmithDuggan.com

Dated: April 7, 2011

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and, pursuant to F. R. Civ. P. 5 and 28 USC § 1446(d), paper copies will be sent to:

Molly J. Boyle, Esq.
Boyle Law Office, P.C.
80 First Street
Tewksbury, MA 01876

Michael J. Miller, Esq.
Jeffrey A. Travers, Esq.
108 Railroad Avenue
Orange, VA 22960

Civil Clerk's Office
Suffolk Superior Court
Three Pemberton Square
Boston, MA 02108


Dated: April 7, 2011

                                                /s/ *Christopher A. Duggan*
                                                Christopher A. Duggan (BBO No. 544150)